Ruth Nyambura NJENGA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73189.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 17, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

626

Ruth Nyambura Njenga, Van Nuys, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., Jennifer Keeney, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Ruth Nyambura Njenga, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we grant in part and deny in part the petition for review.

■ The IJ denied asylum on the ground that the mistreatment Njenga suffered did not rise to the level of persecution. To the contrary, the record compels the conclusion that the harms Njenga suffered, on account of her Kikuyu ethnicity, considered, cumulatively, constituted past persecution. *See Korablina v. INS*, 158 F.3d 1038, 1044–1045 (9th Cir.1998) (holding that the cumulative effect of several incidents may constitute persecution). Because Njenga established past persecution, she is entitled to a presumption of well-founded fear of persecution and eligibility of withholding of removal. *See* 8 C.F.R. §§ 208.13(b)(1); 208.16(b)(1)(i). We remand to the BIA for determination whether the government has rebutted the presumption by a showing of a fundamental change in circumstances in Kenya. *See Lopez v. Ashcroft*, 366 F.3d 799, 804–05 (9th Cir.2004); *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the IJ's conclusion that Njenga did not establish it is more likely than not she would be tor-

ed by 9th Cir. R. 36–3.

tured if returned to Kenya. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The IJ granted voluntary departure for a 60 day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla,* we are not sure if petitioner can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**